IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.   11-cv-02586-WYD-MJW

JAMES S. GRADY, d/b/a GROUP FIVE PHOTOSPORTS,

    Plaintiff,

v.

TODD BREMER,

    Defendant.

---

**ORDER ENTERING DEFAULT JUDGMENT AND
PERMANENT INJUNCTION BASED ON DEFAULT**

---

THIS MATTER is before the Court on Plaintiff's Motion for Default Judgment, Damages, Attorney's Fees & Costs, and Permanent Injunction, filed November 29, 2011 [ECF No. 15].  A hearing on the motion took place on January 11, 2012.  Upon review of the file, including the Declaration of James S. Grady in Support of Motion for Default Judgment, the Second Declaration of James S. Grady in Support of Motion for Final Default Judgment, the Declaration of Andrew J. Contiguglia in Support of Motion for Entry of Default Against Defendant Todd Bremer, the evidence presented at the hearing, and being duly advised in the premise, I make the following FINDINGS OF FACT**:**

    1.    Plaintiff James S. Grady ("Grady"), d/b/a/ Group Five Photosports, is a Colorado resident who produces high quality photographs and digital films and is the

owner and creator of a collective group of eighteen photographs, all of which are registered with the United States Copyright Office (the "Photographs"). The Photographs are distributed on the website "trueteenbabes.com." Plaintiff has registered the trademark TrueTeenBabes,™ which appears on all of the Photographs.

2.   Defendant, Todd Bremer ("Bremer"), is alleged to be a supplier of stolen and pirated copyrighted works to illegal photo, video, and DVD trading websites, pay-to-view websites, as well as online forums, clubs and groups. According to the Complaint, Bremer purchased a subscription to Plaintiff's TrueTeenBabes publication and downloaded the Photographs which he then willfully and unlawfully distributed to others over the Internet.

3.   Bremer uploaded the Photographs onto three websites called Imagebam.com, Darkjb.com, and Motherless.com, and also created various forum posts onto which he posted thumbnail sized duplicates of the Photographs and directed viewers to the site where they could download the Photographs without compensation to Grady. Bremer posted the Photographs on multiple websites without Grady's permission, and later posted several messages warning viewers to conceal any re-posting of Grady's works.

4.   On October 3, 2011, Grady filed a Complaint against Bremer asserting claims for copyright infringement pursuant to 17 U.S.C. § 501, contributory copyright infringement, vicarious copyright infringement, and trademark infringement under 15 U.S.C. § 1125(a) (false designation of origin), and seeking statutory damages and injunctive relief. Grady seeks statutory damages in the amount of $540,000.00

pursuant to 17 U.S.C. § 504(c)(1), comprised of $30,00.00 for each of the 18 copyright certificates infringed upon.

5.   This Court has jurisdiction over the subject matter pursuant to 17 U.S.C. §§ 101, *et seq.*, § 39 of the Trademark Act of 1946, 15 U.S.C. § 1121, 28 U.S.C. § 1331 and 28 USC § 1338, as this matter involves a federal question and arises under Acts of Congress relating to copyrights, trademarks and unfair competition.

6.   Personal jurisdiction is proper in Colorado as Bremer accomplished the copyright infringement by transacting business with Grady.  *See* C.R.S. § 13-1-124(1)(a).

7.   Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) & (3).  When Bremer purchased a subscription to Grady's TrueTeenBabes publication, he agreed to various terms and conditions including an agreement that venue for any action under the subscription agreement shall be in the state of Colorado.

8.   A Summons indicating that Bremer was served with a copy of the Complaint on October 8, 2011, was returned to the Court on November 4, 2011. Pursuant to Fed. R. Civ. P. 12(a), Bremer was to answer or otherwise respond to the allegations in the Complaint on or before October 29, 2011.  To date, Bremer has not entered an appearance in this matter, or file a responsive pleading.  By virtue of Bremer's failure to answer or otherwise respond to the allegations made in the Complaint, he has admitted the factual allegations contained therein.  *See Burlington Northern R.R. Co. V. Huddleston*, 94 F.3d 1413, 1415 (10th Cir. 1996).

9.   On November 21, 2011, the Clerk entered default pursuant to Fed. R. Civ.

P. 55(a).

10. Defendant Bremer is not an infant or incompetent person, and is not in military service.

In consideration of the foregoing, and pursuant to Fed. R. Civ. P. 55(b)(2), it is hereby

ORDERED that Plaintiff's Motion for Default Judgment filed November 29, 2011 [ECF No. 15] is **GRANTED** and the Clerk shall enter default judgment against Defendant Todd Bremer as follows:

    a. **$540,000.00** in statutory damages for infringement of each of the eighteen Photographs infringed upon in the amount of $30,000.00 per photograph pursuant to 17 U.S.C. § 504(c)(1) and (2);

    b. **$4,090.00** in attorneys' fees pursuant 17 U.S.C. § 505;

    c. **$350.00** in costs pursuant to 17 U.S.C. § 505;

For a total of **$544,440.00** in damages, plus post-judgment interest pursuant to 28 U.S.C. § 1961.

In addition, pursuant 17 U.S.C. § 502(a), a permanent injunction shall enter enjoining Defendant Bremer as follows:

    a. Defendant shall be and hereby is enjoined from directly or indirectly infringing on the Photographs bearing the United States Copyright Office registrations VA1-703-466, VA1-703-463, VA1-692-432, VA1-692-438, VA1-692-434, VA1-703-457, VA1-703-460, VA1-703-455, VA1-691-914, VA1-691-911, VA1-695-136, VA1-700-275, VA1-702-131, VA1-687-195, VA1-692-436, VA1-695-141, VA1-726-549,

VA1-703-450, et al., including, without limitation, by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiff's copyrighted works, to distribute (i.e., upload) any of Plaintiff's copyrighted works, or to make any of Plaintiff's copyrighted works available for distribution to the public, except pursuant to a lawful license or with the Plaintiff's express consent.

Dated:  February 2, 2012

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge